O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK D. DUFFEY, | ) | CASE NO. CV 06-04360 RZ |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

Although the Administrative Law Judge agreed that Plaintiff was disabled by pain arising from serious back problems between 1994 and July 31, 2003, he (the judge) found that Plaintiff thereafter became able to perform a limited range of work. Because none of Plaintiff's arguments challenging the underlying step-five partial denial of disability benefits is persuasive, the Court will affirm.

## I.

## OPINION OF TREATING PHYSICIAN

Plaintiff accuses the Administrative Law Judge of failing to give proper consideration to the opinion of his long-time treating physician, Robert Watkins, M.D. Plaintiff's argument is unpersuasive, for the Administrative Law Judge relied heavily on Dr. Watkins's views, not only in determining that Plaintiff was disabled for nine years

(between July 1994 and July 2003), but also in finding – to Plaintiff's chagrin – that Plaintiff's condition as of August 2003 permitted him to return to some kinds of work. As the Administrative Law Judge explained, after many years of truly disabling back pain and numerous treatments therefor since 1994,

> [t]he claimant's symptoms began to stabilize in August 2002 ([Citation to Administrative Record ("AR") 430). Dr. Watkins declared the claimant's condition permanent and stationary on August 13, 2003. The claimant complained of moderate frequent back pain brought on by prolonged and repetitive standing, bending, pushing, pulling, lifting and reaching. The physical examination showed restricted range of motion of the lumbar s[p]ine with negative straight leg raising. He had normal gait[,] and there were no neurological deficits. There was no evidence of atrophy. *Dr. Watkins released the claimant to semi-sedentary work*, which contemplates work approximately 50% of the time in a sitting position and approximately 50% of the time in a standing or walking position, with a minimum of demands for physical effort whether standing, walking or sitting ([Citation to AR 420]).
>
> . . .
>
> From July 27, 1994 to July 31, 2003, I find the claimant's severe back pain prevented him from completing a full work day on a regular and continuing basis . . . . This assessment is consistent with the treating records as well as the fact that the claimant was characterized [by Dr. Watkins] as temporarily totally disabled *until Dr. Watkins's permanent and stationary assessment on August 13, 2003*. I give weight to Dr. Watkins's

> permanent and stationary assessment on August 13, 2003, however, and I find that as of August 1, 2003, the claimant is able to perform semi-sedentary work [as defined above]. This assessment is consistent with the objective findings from the permanent and stationary evaluation as well as with the lack of treatment for the claimant's back since August 13, 2003.

AR 24 (emphasis added); *see also* AR 23.

Plaintiff's critique is based on two comments in Dr. Watkins's critical August 13, 2003, report. First, on the initial page of that four-page, single-spaced report, Dr. Watkins recapitulates that Plaintiff had back surgery in January 2001, "but worsened after the surgery." AR 417. But this does not negate the Administrative Law Judge's findings, noted in above and supported by substantial evidence, that Plaintiff thereafter saw some improvements in 2002 and no longer was seeking pain treatments by late 2003. Second, Dr. Watkins commented later in his report that, after the January 2001 surgery, Plaintiff experienced "slow recovery and *now worsened symptoms*." AR 419 (emphasis added). But it is unclear that the word "now," in context, refers to the time of the August 2003 report (or that it indicates debilitating pain, as opposed to "moderate" pain as stated on the report's first page, AR 417). In the very next two paragraphs, Dr. Watkins wrote that – *apparently even when taking Plaintiff's pain and other limitations into account* – Plaintiff "is released to work in a modified capacity" as discussed above. The bottom line is that, although the cited, somewhat ambiguous comments by Dr. Watkins might appear to be at odds with the same doctor's unambiguous conclusion that Plaintiff could return to some kinds of work, the Administrative Law Judges decision to adopt Dr. Watkins's conclusion still obviously enjoyed substantial evidentiary support.

///
///
///

## II.

## MENTAL IMPAIRMENT

Plaintiff next challenges the Administrative Law Judge's finding that he had no mental impairments, let alone a severe one. *See* AR 25. Plaintiff points to numerous items of evidence, mostly from the mid-1990s, *see* AR 172-90 (psychiatric report of Arnold Gilberg, M.D.), but some as late as 2003, *see* AR 417 (use of Effexor), in support of his argument that he suffers from depression. (Plaintiff improperly conflates his reported insomnia, including his use of sleep medications, with his depression. In Plaintiff's case, the insomnia arose from his pain and numbness, not his allegedly ongoing depression. *See* AR 431 (Watkins treatment report), 664 (Plaintiff's hearing testimony).) Because Plaintiff continued taking Effexor as of the key August 13, 2003 report by Dr. Watkins, the Administrative Law Judge did err, as Defendant concedes, in reciting "[t]here is *no* evidence of mental health treatment *or use of psychiatric medications*." AR 25 (emphasis added).

But the error in stating that *no* such evidence existed was harmless, for Plaintiff points to no evidence indicating that any psychiatric problems were not controlled (or that he otherwise had a mental condition that limited his ability to do work beyond the limitations already found by the Administrative Law Judge). On the contrary: state agency physician K. Gregg, M.D., having reviewed all records as to alleged mental impairments through April 2004, opined in August 2004 that there was insufficient evidence to support the finding of a severe mental impairment. AR 544, 556, 558 (indicating that records showed depression existed in 1996 but marked improvement by November 2001), 559.

Plaintiff adds that the Administrative Law Judge failed to develop the record, but (1) the record was not ambiguous and permitted a sound finding that Plaintiff had no severe mental impairments that were not controlled with medication, *see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (duty to develop record further triggered only when existing record is ambiguous or insufficient to reach conclusion); and (2) Plaintiff, who was and remains represented by counsel, has not subsequently pointed to or produced any

evidence that the Administrative Law Judge would and supposedly should have uncovered, had he sought to develop the record further.

## III.
## PLAINTIFF'S CREDIBILITY

Plaintiff challenges the Administrative Law Judge's finding that his continuing allegations of memory impairment and completely debilitating pain were not fully credible. Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain, and how that pain affects the claimant's ability to work, only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994). Among other factors, the Administrative Law Judge properly may base credibility findings on a claimant's reputation for truthfulness and any inconsistencies between his subjective account, on the one hand, and, on the other hand, his conduct, routine activities, and reports from physicians and others about the nature and severity of the claimant's symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the Administrative Law Judge complied with these standards. As to alleged memory impairment: the opinion noted Plaintiff had not sought or obtained treatment for such an ailment. *See* Administrative Record ("AR") 25. Although Plaintiff devotes five pages of his opening brief to his credibility argument, he points to no evidence in the record to gainsay the Administrative Law Judge's memory-related finding, other than his (Plaintiff's) subjective account itself. *See* Pl.'s Opening Br. 15-20.

As to Plaintiff's principal complaint, namely back pain, the Administrative Law Judge explained his credibility finding in the following passage, supported by substantial evidence, much of which the Administrative Law Judge summarized in the paragraphs preceding this finding:

> The claimant's subjective complaints and alleged limitations since August 1, 2003 are out of proportion to the objective findings as noted above. There is no evidence of severe disuse muscle atrophy that would be compatible with the claimant's alleged level of inactivity and incapacity since August 1, 2003.
>
> Further, the claimant's subjective complaints and alleged limitations since August 1, 2003 are not consistent with his failure to treat his back since [then]. As noted above, there is no evidence the claimant ca[nno]t afford treatment[,] and he has access to treatment through Worker's Compensation. He does not take any analgesics for his alleged pain. It is reasonable to assume that if the claimant were experiencing the disabling problems alleged, he would continue to receive aggressive treatment.

AR 25. Also, as noted above, the Administrative Law Judge noted that (a) Dr. Watkins had cleared Plaintiff to work, albeit with significant limitations, in August 2003; and that (b) thereafter, Plaintiff had not sought treatment for his back pain. These are valid reasons – lack of treatment, lack of atrophy, and a treating doctor's report indicating Plaintiff was able to return to work – for questioning Plaintiff's sincerity.

///
///
///

## IV.

## THIRD PARTIES' STATEMENTS

Plaintiff faults the Administrative Law Judge for failing to mention, and thus perhaps failing to take into account, written statements submitted by Plaintiff's wife, Janet Duffey, and his sister-in-law, Joanne Sutch. AR 81-89 (wife), 111 (Sutch). An Administrative Law Judge is not required to mention every item in a claimant's record, and a failure to address some items is not tantamount to a failure to consider them or a rejection of them. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Such testimony can supply useful information about how a claimant's alleged impairments affect his ability to engage in gainful employment, *see* 20 C.F.R. § 404.1513(d)(4), however, and the Administrative Law Judge thus may reject such testimony only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Failure by an Administrative Law Judge to discuss substantial favorable statements by competent third-party witnesses may be considered "harmless error" only if the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [undiscussed lay] testimony, could have reached a different disability determination." *Stout v. Commissioner*, 454 F.3d 1050, 1056 (9th Cir. 2006).

It is not reasonable to believe that the outcome properly would have changed if these statements were fully credited. To the extent they pertain to the post-July-2003 time period at issue, they simply are not inconsistent with the key opinion of Dr. Watkins, which found Plaintiff able to do a limited range of "semi-sedentary work," upon which opinion the Administrative Law Judge relied. For example, Plaintiff's wife indicates that Plaintiff does some chores and yard work, but is limited in such abilities; has some trouble sleeping; and requires reminder notes to deal with memory problems. She also stated that he suffered from depression. Almost all of Ms. Sutch's one-page letter pertains to the undisputed period prior to Dr. Watkins's August 2003 report indicating Plaintiff could work. The final few lines of her letter indicate his reports to her of a sleep disorder, stomach problems, "depression and, of course, continual pain." These accounts either are

not inconsistent with Dr. Watkins's August 2003 evaluation or are cumulative of (and presumably based upon) Plaintiff's own, properly discredited accounts.

## V.
## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is affirmed.

DATED: September 10, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE